MAGGIE T. PLOCH, PROSECUTRIX, v. CITY OF CLIFTON, A MUNICIPAL CORPORATION, RESPONDENT.

HILDA P. PLOG, PROSECUTRIX, v. CITY OF CLIFTON, A MUNICIPAL CORPORATION, RESPONDENT.

Submitted October 1, 1940—Decided March 7, 1941.

Before Justices CASE, DONGES and HEHER.

For the prosecutors, *Mendelsohn & Mendelsohn (Sam Mendelsohn)*.

For the respondent, *John G. Dluhy*.

The opinion of the court was delivered by

CASE, J.    These matters come before us on two writs of *certiorari,* consolidated by consent, to review certain assessments levied by the City of Clifton against the respective properties of the prosecutors for sidewalking, curbing and

grading said to have been done under an ordinance passed by that municipality on April 15th, 1930. The ordinance provided that the easterly side of Valley Road from Stanley street to the Essex County line should be sidewalked, curbed and graded and that the westerly side of Valley Road between the said limitations should be curbed and that this work, together with other incidents to the improving of the street, such as the laying of concrete sidewalks (crosswalks?) at street intersections and elsewhere, should be done in accordance with plans and specifications on file in the office of the city engineer, which plans and specifications were thereby specifically approved, and that the cost of the improvement should be temporarily financed by improvement notes, to be assessed, however, against the property benefited in proportion to the benefits received. Only a small fraction of the sidewalk work has been performed—approximately one-fourth; and this was done before October 1st, 1930. A report by the borough engineer under date of November 29th, 1935, five years after the last sidewalk work, stated that all curbing had been done but that the sidewalks between Van Houten avenue (an intermediate point) and the Montclair (viz., Essex County) line had not been constructed. On August 1st, 1939, after a further delay of nearly four years, the municipal council by resolution recited the engineer's report and directed the Board of Assessors to make assessments against any lands or real estate that may have been benefited or increased in value by the improvements and to certify the assessments to the municipal council. The Board of Assessors, in making the assessments, laid $2,170.32 against the property of Ploch and $151.94 against the property of Plog. These assessments were confirmed and are now here for review.

Various reasons are assigned by the prosecutors of the writs why the assessments should be set aside, as that the plans and specifications were not on file or even prepared until long after the final passage of the ordinance, that notwithstanding the filing of objections there was no finding that the proposed improvement constituted a public necessity; that statutory notice was not given; that opportunity was not provided for

the exercise by the prosecutors of certain options provided by the ordinance and that the city was estopped by representations made by one of its councilmen at or prior to the undertaking of the improvement. We find it unnecessary to consider such of the reasons as have just been mentioned inasmuch as we give effective weight to another reason, namely, that the assessments were made in contravention of the statute and of the ordinance in that the improvements authorized by the ordinance and thereby required to be done have not yet been completed.

The assessments must be grounded in the ordinance by which the doing of the work and the incurring of the expenses were authorized. The pertinent provision of the ordinance is that "the costs and expenses incurred in the prosecution and *completion* of the said improvement shall be assessed against the property benefited in proportion to the benefits received." It is upon the *completion* of a local improvement that the statute authorizes assessments to be made for benefits. *R. S.* 40:56-24 (formerly chapter 152, *Pamph. L.* 1917, *art. XX,* §§ 14, 15). Assessments cannot be lawfully made thereunder until the completion of the improvement. *Gross* v. *Hague,* 99 *N. J. L.* 457. 8397.87 out of a total of 11408.23 lineal feet of sidewalking remains unconstructed. The explanation advanced by the city for this omission is that the county authorities promised to procure the right of way for the sidewalks and have not done so. The ordinance was not made to depend upon the procuring of rights of way by another branch of the government. An improvement which by the terms of an ordinance is to consist of a concrete sidewalk all the way to an adjoining municipality is quite a different thing from an improvement which leaves a continuous break of more than a mile and a half in that distance; and apparently, since the excuse is the absence of right of way, without even sidewalk space for a substantial part of that distance. We think it is not sufficient to say that a sidewalk has been constructed in front of the prosecutors' properties and that, therefore, the ordinance as to them has been complied with. The ordinance has not been complied with even as to them because they had the right under it to

expect that not only were they to furnish safe walking for others but that others would furnish safe walking for them. What attitude they and others would have taken at the inception had the proposal been to do what has been done, what and how effective opposition to the plan would have been forthcoming, we do not know; but we do know that the improvement upon which they are assessed is quite different from that which the ordinance called for; and the ordinance is still on the books in its original form.

We consider that the prosecutors are not guilty of laches and have not by their conduct waived their right to question the legality of the assessments. The municipal improvement, concerning the making of which they were put on notice by the actual doing of the work (*Hillside Land Co.* v. *North Bergen Township*, 112 *N. J. L.* 576; *affirmed*, 114 *Id.* 156), was the improvement called for by the ordinance. While sound question may be raised concerning the authority of John Hamil, a member of the city council, to represent the city and assure prosecutors that the city, in exchange for land given by them for the widening of the road, would not levy an assessment upon them for the improvement, nevertheless there is clear testimony that such an arrangement was orally made between the respective prosecutors and Hamil; and Hamil, still a member of council, is not put upon the stand in contradiction. However short of validity such an undertaking may fall, it is a factor to be considered on the question of laches by prosecutors. *Groel* v. *Newark,* 78 *N. J. L.* 142. The Board of Assessors certified their assessment to the city council under date of December 28th, 1939; the council met on February 6th, 1940, to pass thereon; prosecutors by their attorney were present and protested; the council confirmed the assessments; notice by prosecutors of their purpose to apply for the writs of *certiorari* was given on February 27th, 1940; application was accordingly made on March 2d, 1940; following an interim necessary for the taking of depositions the writs were allowed on March 24th, 1940. There was no laches.

The assessments under review, so far as they affect the prosecutors, must be set aside and vacated, with costs.